AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 21-sc-2514 |
| THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 240-590-4429, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 310260029610112 | ) ) ) ) | Under Seal |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the _____ District of _____Columbia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 21 U.S.C. § 846, 18 U.S.C. § 924(c), 18 U.S.C. §§ 1956 and 1957, 18 U.S.C. § 1956(h) | Unlawful Distribution of Controlled Substances, Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, Possession and Use of Firearms in furtherance of a Drug Trafficking Crime, Money Laundering, Conspiracy to Commit Money Laundering |

The application is based on these facts:

See attached Affidavit in support of Search Warrant, which is incorporated herein by reference.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Robert Overmyer, Officer
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: _____08/04/2021_____

_____
*Judge's signature*

City and state: __District of Columbia__

Robin M. Meriweather, United States Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means     ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| In the Matter of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No.  21-sc-2514 |
| THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE | ) |
| CELLULAR DEVICE ASSIGNED CALL NUMBER 240-590-4429, | ) |
| WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / | ) |
| ELECTRONIC SERIAL NUMBER 310260029610112 | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Columbia _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein.  This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A).  Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 18, 2021 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Robin M. Meriweather _____ .
                                                             *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for _30_ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  ____ 08/04/2021 ____

City and state:  ____ District of Columbia ____        ____ Robin M. Meriweather, United States Magistrate Judge ____
                                                                          *Judge's signature*
                                                                          *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br> 21-sc-2514 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


_____
*Executing officer's signature*


_____
*Printed name and title*

AO 95
(Rev. 09/12)

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## DELAYED-NOTICE SEARCH WARRANT REPORT

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period.  See 18 U.S.C. § 3103a(d)(1).
NOTE:   If an extension to the notice period is requested, information will need to be submitted for each extension.

**Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.**

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. **Name of Judge:**  Magistrate Robin M. Meriweather                    ( ☐ check if state court judge)

2. **Federal Judicial District:**  District of Columbia

3. **Date of Application for Delayed Notice:**  08/04/2021

4. **Offense (Most Serious) Specified:**
   - ☑ Drugs   ☐ Fraud   ☐ Weapons   ☐ Immigration   ☐ Terrorism
   - ☐ Sex Offenses   ☐ Theft   ☐ Kidnapping   ☐ Tax
   - ☐ Extortion/Racketeering   ☐ Fugitive/Escape/Supervised Release Violation
   - ☐ Other *(specify)*:

5. **Type of Application:**   ☑ Initial request for delay
   - ☐ Extension of previously authorized delay
   - *(Number of extensions previously granted:              )*

6. **Judicial Action Taken:**   ☐ Denied   ☐ Granted   ☐ Granted as modified

7. **Case Number (e.g., 'mc' Number) of Warrant:**   : 2021 - SC - 2514
   - office / year / type / number

8. **Period of Delay Authorized in This Action (days):**  30

9. **Preparer's Name:**  David Henek          **Title:**  Assistant United States Attorney
   **Phone number:**  (202) 803-1662          **Date of report:**  08/04/2021

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 240-590-4429, with International Mobile Subscriber Identity / Electronic Serial Number 310260029610112, whose wireless provider is T-MOBILE and is believed to be used by Dandre SHORTER.

## ATTACHMENT B

Pursuant to an investigation of Dandre SHORTER for a violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Unlawful Distribution of Controlled Substances), 21 U.S.C. § 846 (Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances), Title 18 U.S.C. § 924(c) (Possession and Use of Firearms in furtherance of a Drug Trafficking Crime), Title 18 U.S.C. §§1956 and 1957 (Money Laundering), and Title 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (hereafter, the "TARGET OFFENSES"), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night.  This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property.  The Court finds reasonable necessity for the use of the technique authorized above.  *See* 18 U.S.C. § 3103a(b)(2).

10

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

IN THE MATTER OF THE USE OF A
CELL-SITE SIMULATOR TO LOCATE
THE CELLULAR DEVICE ASSIGNED
CALL NUMBER 240-590-4429, WITH
INTERNATIONAL MOBILE SUBSCRIBER
IDENTITY / ELECTRONIC SERIAL
NUMBER 310260029610112

Case No. 21-sc-2514

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Officer Robert Overmyer, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 240-590-4429, (the "Target Cellular Device"), which is described in Attachment A.

2.      I am a sworn officer of the Metropolitan Police Department (MPD) in Washington, D.C., have been a member of the MPD since 1999. I am currently assigned to the Intelligence Division of the Homeland Security Branch. During my tenure, I have assisted with arrests of persons in violation of narcotics, firearms, and violent crimes.  Throughout my tenure I have conducted numerous criminal investigations, interviewed victims, witnesses, and suspects, and have seen criminal cases through the judicial process.  I have reviewed information received as a result of previous cell phone location search warrants I obtained.  I am familiar with the way cell

phones operate and how they interact with other communication devices included in the cell phone network infrastructure.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location.  However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the Target Cellular Device's owner is known to spend most of his time in this district and cell-site data obtained for the Target Cellular Device indicated that it was normally to be found in this district.  Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Unlawful Distribution of Controlled Substances), Title 21 U.S.C.  21 U.S.C. § 846 (Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances), Title 18 U.S.C. § 924(c) (Possession and Use of Firearms in furtherance of a Drug Trafficking Crime), Title 18 U.S.C. §§1956 and 1957 (Money Laundering), and Title 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (hereafter, the "TARGET OFFENSES") have been committed, are being committed, and will be committed by Dandre SHORTER and other co-conspirators.  There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations,

2

including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that SHORTER has violated Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Unlawful Distribution of Controlled Substances) and Title 21 U.S.C.  21 U.S.C. § 846 (Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances).  SHORTER was charged with these crimes on July 13, 2021 and is the subject of an arrest warrant issued on the same date in Criminal Case No. 21-465-DLF.  There is also probable cause to believe that SHORTER is aware of these charges and has fled.  There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting SHORTER, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41.  See 18 U.S.C. §§ 3121-3127.  This warrant therefore includes all the information required to be included in a pen register order.  See 18 U.S.C. § 3123(b)(1).

## **PROBABLE CAUSE**

8.      Beginning in January 2021, law enforcement initiated an investigation into a suspected narcotics trafficking organization operating in and around the area of the 2900 block of Martin Luther King Jr. Avenue Southeast, Washington, D.C.

9.     During the course of this investigation, an individual who was subsequently identified as SHORTER supplied special employees of the Metropolitan Police Department with cellular phone number (240) 590-4429 (Target Cellular Device) as a point of contact for him and his cellular phone number. On numerous occasions over the course of seven months, these special employees contacted SHORTER via this number to purchase narcotics from him. Over the course of the investigation, MPD conducted two controlled buys of cocaine base and one controlled buy of fentanyl from Shorter.

10.     On July 13, 2021, as a result of this investigation, a Grand Jury in the United States District Court for the District of Columbia returned an indictment against SHORTER and twelve other co-conspirators charging an overall Conspiracy to Distribute Controlled Substances, as well as other individual firearm and narcotics offenses (assigned Criminal Case No. 21- 465). An arrest warrant (245D-WF-3366241) was then issued for SHORTER's arrest.

11.     Since the issuance of this warrant, members of the Metropolitan Police Department have been actively searching for Mr. Shorter to no avail. Since all of the other defendants in this case have been located and arrested, there is probable cause to believe that SHORTER is evading law enforcement and is aware of the pending charges against him.

12.     Therefore, your affiant believes that tracking the location of the cellular phone using Target Cellular Device will lead members of the United States Secret Service and Metropolitan Police Department to SHORTER's location and respectfully request that this search warrant be issued.

4

**MANNER OF EXECUTION**

13.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications.  When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication.  These signals include a cellular device's unique identifiers.

14.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others.  The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device.  Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

15.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity.  Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices.  In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity.  These signals may include cell phone identifiers.  The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from

5

devices other than the Target Cellular Device.  To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

16.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.  The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

17.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

18.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

19.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

20.     A search warrant may not be legally necessary to compel the investigative technique described herein.   Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Robert Overmyer
Officer
Metropolitan Police Department

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 4, 2021.

HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

---

**Attorney Certification Under 18 U.S.C. §§ 3121-3127**

To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant applied for herein will also function as a pen register order.  I, an attorney for the Government, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Metropolitan Police Department and the Federal Bureau of Investigation. *See* 18 U.S.C. §§ 3122(b), 3123(b).

*/s/ David T. Henek*
David T. Henek
Assistant United States Attorney
District of Columbia

8